**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRIAN CULLEN,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:26-cv-00659** |
| | ) | |
| **v.** | ) | **Judge Crenshaw / Frensley** |
| | ) | **Jury Demand** |
| **DELTA AIR LINES, INC.,** | ) | |
| **Defendant.** | ) | |

# INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331.

B. BRIEF THEORIES OF THE PARTIES:

**For Plaintiff:** This is an action for equitable relief and damages for age discrimination in employment brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"). Mr. Cullen is a 54-year-old male who worked for Defendant for nearly 29 years, from July 1, 1996, until it suspended him without pay on January 15, 2025, and then discharged him on March 24, 2025, for a pretextual reason. Defendant discriminated against Mr. Cullen in the terms, conditions, and privileges of employment, suspended him without pay, discharged him, and failed and refused to retain him as an employee in any capacity because of his age, in violation of the ADEA. As a result of Defendant's conduct, Mr. Cullen has suffered damages.

**For Defendant:** Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") employed Plaintiff Brian Cullen as an Aircraft Load Agent at the Nashville International Airport. Delta suspended Mr. Cullen's employment and ultimately decided to terminate his employment because, on multiple occasions, Mr. Cullen failed to submit to mandatory security screening, in violation of Delta policy. Delta investigated Mr. Cullen's conduct, concluded he violated the Company's

policy on employee inspection / security screening on several occasions, and terminated his employment for that reason. Mr. Cullen was given the option to retire, which he accepted. Thereafter, Mr. Cullen exhausted Delta's appeal process. Delta denies that Mr. Cullen's suspension or termination was in any way related to his age and denies it is liable to Mr. Cullen on the basis of his claim in this case.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 16, 2026**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties shall develop a plan for resolution of the case that includes at least two independent attempts to resolve the case. The first attempt shall occur no later than 120 days from the initial case management conference, and the second attempt shall occur before the deadline for filing dispositive motions. By no later than **October 23, 2026**, the parties shall submit a joint report to advise the Court that the parties made a good faith effort to resolve the case. The joint report shall also state whether the parties request referral of the case for ADR. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement**. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. An updated joint report, including whether the parties request referral of the case for ADR, shall be filed no later than 60 days in advance of the deadline for the filing of dispositive

motions or by **March 15, 2027**, confirming their substantive attempt at settlement. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **April 2, 2027**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for the parties have held a telephonic or in-person discussion and made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **March 12, 2027**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute

statement shall certify that lead counsel for each party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **October 16, 2026**, and must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 1, 2027**. The defendant shall identify and disclose all expert witnesses and reports on or before **April 2, 2027**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **May 3, 2027.**

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE. A subsequent case management conference shall be held telephonically on **March 1, 2027, at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The parties shall call 1-855-244-8681 and enter access code 23139129180# to participate in the conference.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **May 17, 2027**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

L. ELECTRONIC DISCOVERY. The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The jury trial of this action is expected to last approximately three to four days. A trial date no earlier than **September 28, 2027**, is respectfully requested.[1]

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if <u>all</u> parties consent** to final disposition by the Magistrate Judge.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**