# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:26-cv-00659 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Judge Frensley |
| DELTA AIR LINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER**

Plaintiff Brian Cullen and Defendant Delta Air Lines, Inc. (together, the "parties") agree to protect the confidentiality of certain documents and information (including, but not limited to, documents stored in any electronic format) that may be disclosed during the course of discovery or offered as evidence during this litigation, including, but not only, at the trial. The parties agree that they will disclose, maintain, and dispose of such documents and other information in accordance with the terms of this Agreed Protective Order.

The parties agree as follows:

1. Material that a party deems confidential shall be disclosed only to the following individuals, each of whom shall be required to agree to abide by the terms of this Order before being given any of the confidential information:

a. Counsel for the parties who are actively engaged in the conduct of this litigation and their staff, to the extent reasonably necessary to render professional services in the litigation;

b. The parties to the litigation;

c. The Court and its staff;

d. Experts retained by the parties, regardless whether the expert is expected to testify

at trial;

e. Fact witnesses and court reporters, but only during their testimony by deposition or in trial or to the extent reasonably necessary to prepare them for such testimony;

f. Third parties that are reasonably retained by a party or that party's counsel, to the extent reasonably necessary to render the services to be provided; and

g. Any other individuals included by order of the Court or as agreed upon by the parties in writing.

2. A party that deems a document or information to be confidential and properly subject to the protections of this Protective Order must stamp or mark that document or information as "CONFIDENTIAL" or otherwise notify all parties in writing that documents being produced or obtained are designated as "Confidential" under the terms of this Order. All designations of "Confidential" shall be made in good faith. For purposes of this Order, "Confidential Information" shall include the following types of information and documents, provided such information or document has been designated as "Confidential" (as specified in paragraphs (a)-(c), below):

a. Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Plaintiff or Defendant (including any current or former employee, agent, and/or representative of Defendant and/or any of Defendant's affiliates) during the course of discovery that contains, discloses, or reveals: (i) confidential or proprietary business information; or (ii) private and/or sensitive information concerning Plaintiff or Defendant's employees (including, but not limited to, financial information, medical information, leave information, disciplinary information, social security numbers, dates of birth and other private employee information);

b. Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by Plaintiff during the course of discovery that contains, discloses, or reveals: (i) information concerning Plaintiff's past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s); (ii) personal financial or tax information; or (iii) social security numbers; and

c. Any other type of information that is maintained by the producing Party on a confidential basis, provided that the producing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

Irrespective of a specific "Confidential" designation, all tax, financial, and medical information shall be considered "Confidential" as well as social security numbers. If a social security number is the only Confidential Information contained in a document, the social security number should be redacted prior to filing or dissemination.

3. In the event a party believes, in good faith, that certain information presents a substantial risk of significant financial, competitive, or other serious harm if disclosed to another party or non-party and that this risk cannot be mitigated through less restrictive means, the party can designate that information as "Confidential – Attorneys' Eyes Only." Information designated as "Confidential – Attorneys' Eyes Only" that is produced or otherwise disclosed in discovery may, in turn, be disclosed only to:

a. Counsel for the parties who are actively engaged in the conduct of this litigation and their staff, to the extent reasonably necessary to render professional services in the litigation;

b. The Court and its staff;

c. Experts retained by the parties, regardless whether the expert is expected to testify at trial, provided that the expert has agreed, or is otherwise obligated, to maintain the confidentiality of such information in line with this Protective Order;

d. Fact witnesses and court reporters, but only during their testimony by deposition or in trial or to the extent reasonably necessary to prepare them for such testimony, provided (a) that the party using the information reasonably believes that the witness has previous personal knowledge of the designated information and (b) that pages of transcribed deposition testimony or exhibits to depositions that reveal information designated as "Confidential – Attorneys' Eyes Only" may not be disclosed to anyone except as permitted under this Protective Order;

e. Third parties that are reasonably retained by a party or that party's counsel, to the extent reasonably necessary to render the services to be provided and provided that the third party has agreed, or is otherwise obligated, to maintain the confidentiality of such information in line with this Protective Order; and

f. Any other individuals included by order of the Court or as agreed upon by the parties in writing.

References in this Protective Order to information designated as "Confidential" include, as applicable, information designated as "Confidential – Attorneys' Eyes Only."

4. The inadvertent, unintentional, or *in camera* disclosure – without designation as confidential – of a document that should have been designated as confidential shall not waive the right to designate that document at a later time. Any document or information that, when produced, is inadvertently or unintentionally not designated as confidential shall, upon written request of the producing party, be treated as confidential under this Protective Order.

5. A party or lawyer who wishes to challenge a "CONFIDENTIAL" designation made by a producing party must first attempt in good faith to confer with the producing party (or, if represented, its counsel) in an effort to resolve the issue amicably. If agreement cannot be reached regarding the designation, the challenging party may contact the Court for assistance and direction or file a motion asking the Court to remove the designation in accordance with the terms of the Initial Case Management Order. Any motion should describe, with specificity, the materials for which the designation is being challenged and set forth, with specificity, the reason(s) for challenging the designation. The party seeking to maintain the designation will bear the burden of proving that the designation is proper under applicable law. Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

6. Subject to the Federal Rules of Evidence, a party may offer confidential information or documents into evidence at trial or any court hearing or in support of, or opposition to, a motion. Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

7. Nothing in this Protective Order shall be construed to waive any objection to the discoverability or admissibility of any document, information, or testimony. Objections to discoverability or admissibility may be raised by the objecting party, notwithstanding the protections of this Protective Order, in accordance with applicable law and any applicable order(s) of the Court.

8. A party wishing to file Confidential Information under seal with the Court shall follow Local Rule 5.03 and the directives of the United States District Court of Appeals for the Sixth Circuit in *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016).

Except as the Court may order, the parties shall not disseminate Confidential Information to individuals other than those identified in paragraph 1. No lawyer for a party may comment in the presence of the jury on the reasons or motivation for designating materials as "CONFIDENTIAL" without first having obtained permission from the Court or opposing counsel to do so.

9. Documents and information produced or disclosed subject to this Protective Order shall be used only for purposes of this litigation. No individual shall disclose any of the documents or information to any other individual or entity, directly or indirectly, except as authorized by this Protective Order or further order of the Court or written agreement by the parties. No individual shall use any of the documents or information outside of this litigation to the detriment of the producing party or for any other business or financial benefit of the individual unrelated to this litigation.

10. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

11. Pursuant to Federal Rules of Evidence 502(d) and (e), inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the producing party would be entitled in the litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the receiving party hereby

agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the producing party upon request. If the receiving party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the producing party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the producing party would be entitled in the litigation or any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12. All "Confidential Information" shall be returned as follows:

a. Within thirty (30) days of the conclusion of the litigation, and subject to subparagraphs (d) and (e) below, all "Confidential" information – including all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted – shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that all "Confidential" information, including all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party has been destroyed.

b. If information designated confidential is furnished to outside experts or consultants pursuant to Paragraph 1, the attorney for the party who engaged such expert or consultant shall be responsible for instructing such individual(s) to return to the producing party or destroy all such "Confidential" information as provided in subpart (a) above and for certifying in writing that he or she has done so.

c. If "Confidential" information has been loaded into any litigation review database, the attorney for the party using that database shall be responsible for ensuring that all "Confidential" information (including all associated images and native files) are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" means deleting documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d. Counsel of record for the parties may retain copies of any "Confidential" information that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential" information that contain counsel's mental impressions or opinions. Such copies shall remain subject to other relevant terms of this Protective Order.

e. The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential" information to the extent such information is: (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that, to the extent any "Confidential" information is not

returned or destroyed due to the foregoing reasons, such "Confidential" information shall remain subject to the confidentiality obligations of this Protective Order.

13. Nothing in this Order shall be construed as a determination by the Court of the confidentiality or other nature of any designated documents or information. Nor shall anything in this Order be binding on the Court's determination of whether to restrict public access to any information produced as "Confidential" if offered as part of the record in this case.

SO ORDERED, this ____________________, 2026.

____________________________________
U.S. DISTRICT COURT JUDGE

AGREED AND SUBMITTED FOR ENTRY:

s/ Douglas B. Janney III (w/permission CES)
Douglas B. Janney III (BPR No. 19112)
5115 Maryland Way
Brentwood, Tennessee 37027
(615) 742-5900
doug@janneylaw.com

*Attorney for Plaintiff*

*s/ C. Eric Stevens*
C. Eric Stevens (BPR No. 010632)
Littler Mendelson, P.C.
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
615.383.3033 (phone)
615.383.3323 (fax)
*estevens@littler.com*

*Attorneys for Defendant*